0470

NEWBERRY COLLEGE, Respondent, v. S. C. EMPLOYMENT SECURITY COMMISSION, Appellant.

(333 S. E. (2d) 58)

Court of Appeals

*Scott A. Koch* and *Julian H. Gignilliat* both of *Gignilliat & Savitz,* Columbia, *for respondent.*

Heard March 27, 1985.

Decided May 16, 1985.

GARDNER, Judge:

The appealed order reversed a finding of the South Carolina Employment Security Commission (Commission) which held that Newberry College (Newberry), as a reimbursing employer, had to reimburse the Commission for unemploy-

ment compensation mistakenly paid to Christine Evans (Evans). We agree and affirm.

Evans taught part-time at both Lander College and Newberry College. According to the claim she filed with the Commission on May 27, 1979, she was discharged by both colleges on May 2, 1979, because "there was no available work."

A reimbursing employer is a nonprofit organization ■ which elects under the law not to pay a quarterly contribution to the Commission but agrees to reimburse the Commission for unemployment compensation paid a terminated employee when the employee qualifies for unemployment compensation. Newberry College is a reimbursing employer.

The Commission on appeal asserts that (1) Newberry must reimburse the Commission because the payments to Evans came from a trust fund created by contributing employers and (2) there is no statutory provision for not charging a reimbursing employer for compensation mistakenly paid.

Regulation 47-19 of the Commission is as follows:

47-19. Separation Notices.

A. Notice of Separation Under Conditions Which May Disqualify:

1. (a) A copy of each initial or additional claim filed by a worker will be mailed by his local Employment Service Office to his last employer regardless as to whether the latter is liable or nonliable under the Act.

(b) When an employer desires to protest such a claim on the grounds that the worker should be disqualified for a reason set forth in Section 41-35-120, he shall fill in the information called for on the back of the copy received by him and return the same to the address of the office shown thereon so as to reach such office not later than the seventh (7th) day from the date the claim was filed.

(c) When a liable employer other than the last separating employer desires to protest a claim on the grounds that the worker was separated from his employ under disqualifying conditions and that benefit charges should be removed in accordance with Section 41-35-130,

he shall furnish separation information on Form UCB-214, Request to Employer for Separation Information, so that it will reach the office of the Commission not later than nine (9) days from the date such form is mailed to him by the Commission.

(d) Any employer who fails to furnish separation information indicating that a worker was separated under disqualifying conditions, shall be presumed to have admitted that such worker should not be disqualified under any of the provisions of Section 41-35-120.

When Evans filed her claim for compensation on May 27, 1979, the Commission failed to forward a copy of the claim to Newberry as required by R47-19, but did mail a copy to Lander. The Commission determined that Evans was entitled to compensation effective May 27, 1979. When Newberry College learned from the Commission that it had a potential liability to share in the reimbursement of the benefits paid to Evans, it filed a protest maintaining claimant was ineligible for benefits under Sections 41-35-20(1) and 41-35-120, Code of Laws of South Carolina (1976). Newberry College had offered the claimant a written contract to teach the 1979-80 academic year, but the claimaint refused it. Upon learning this new information, the Commission issued a corrected determination on August 31, 1979, holding Evans disqualified from receiving benefits. However, prior to this corrected determination being issued, Evans received $1,110 in benefits. The Commission requested Newberry to reimburse its pro rata share of the benefits paid to the claimant. Newberry refused and appealed to the Circuit Court. The trial judge held that Newberry was not liable under the circumstances because of the fraud committed by Evans in reporting that she was discharged for lack of work as she had initially reported to the Commission. We affirm but for a different reason.

Regulation 47-19 of the Commission is a means of furnishing due process to all employers including a reimbursing employer.[1] By this regulation employers

---

[1] S. C. Const. Art. I, Section 22 provides, "No person shall be finally bound by a judicial or quasi-judicial decision of an administrative agency affecting private rights except on due notice and an opportunity to be heard; ..."

such as Newberry are given notice of the claim and an opportunity to deny liability. The Commission failed to give Newberry notice of the claim. It is agreed that Newberry, upon learning that the Commission asserted it to be liable for its pro rata share of the benefits paid Evans, filed a protest under Sections 41-35-20(1) and 41-35-120. This resulted in the Commission's terminating the benefits then being mistakenly paid Evans. Since Newberry was not at fault in the erroneous award of compensation and had not been accorded notice of the claim, it is not liable for any part of the compensation paid and we so hold.

We reject the argument that the compensation paid Evans was from a trust fund created by contributions from contributing employers and therefore Newberry must reimburse the Commission. The payments made by the Commission in this case without affording due process to Newberry are the responsibility of the Commission which violated its own regulation.

We also reject the contention of the Commission that there is no statutory authority excusing reimbursing employers from reimbursing the Commission. This argument has no merit. The U. S. and State Constitutions require due process; no statute is needed here to insure due process and we so hold.

For the reasons stated, the appealed order is affirmed.

Affirmed.

SHAW and CURETON, JJ., concur.